Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiffs against the United States to recover certain excess-profits taxes for the calendar *361 year 1917, alleged to have been erroneously assessed against and collected under protest from the partnership of Wilson & Bradbury.
The facts are agreed to by the parties, and are set out in the findings of fact made by the court. The plaintiffs, formerly partners doing business under the firm name of Wilson & Bradbury, paid net excess-profits taxes assessed against the partnership for the calendar year 1917 in the sum of $371,592.59, based on an invested capital determined and found by the Commissioner of Internal Revenue to be $1,775,862.98.
On December 31, 1916, the invested capital of the partnership was $2,151,634.54, and its net income for the calendar year 1917 subject to excess-profits taxes was $976,493.77. How much of the net income of the said partnership for the year 1917 was earned in any given month can not be stated, but it is shown that during the first three months of 1917 plaintiffs withdrew from the partnership’s funds the sum of $645,840.33, of which $299,193.94 was withdrawn prior to March 1, 1917, and $346,645.39 during the said month of March, and that the total withdrawals by the partners for the year 1917 amounted to the sum of $778,904.28.
It is also shown that plaintiffs’ books for the calendar year 1917 were kept on the accrual basis of accounting both as to debits and credits as distinguished from the cash receipts and disbursements basis of accounting.
The Commissioner of Internal Revenue, under the provisions of section 207 of the revenue act of October 3, 1917, and regulations 41, articles 43 and 53, in determining the amount of invested capital used and employed in the partnership business during the year 1917, made certain deductions from the partnership invested capital of $2,151,634.54 existing at the beginning of the taxable year 1917. These deductions and the method of their ascertainment are set forth in, the findings of fact, the amount on which the tax was based having been ascertained to be the sum of $1,775,862.98.
This court had before it in the case of Franklin D'Olier et al. v. United States, 61 C. Cls. 895, the same questions *362 which are presented in this case. In the D'Olier case this court held as follows:
“ Where a partnership in 1918 makes a return of its excess-profits tax for the year 1917 on an accrual basis, and during the year 1917 withdraws certain amounts from its invested capital, the Commissioner of Internal Revenue is authorized, for the purpose of computing the tax, to reduce the invested capital shown in said return for 1917 by deducting, as of the dates of withdrawal, that part of the excess-profits tax for the taxable year estimated to have accrued at that date, although such tax was not assessed and did not become due and payable until a year after the withdrawal.”
The plaintiffs in their brief ask us to reexamine the question decided by us in the TPOlier case. This we have done, and we find no reason to change our conclusion, especially as in that case an application was made for a certiorari to the Supreme Court of the United States, and that application was denied.
We are of opinion that the petition of the plaintiffs must be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.